```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 COLLINREGINALD A. MCKENZIE,

                Plaintiff,                    MEMORANDUM & ORDER
                                               22-CV-4029(EK)

         -against-

 KILOLO KIJAKAZI,

                Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Collinreginald McKenzie challenges the Social Security Administration's ("SSA") denial of his claim for a period of disability and disability insurance benefits. Before the Court is the Commissioner's motion to dismiss the action as untimely filed. For the following reasons, the motion is granted, and the action is dismissed with prejudice.

## I. Background

        On November 3, 2020, an Administrative Law Judge ("ALJ") issued a decision denying McKenzie's claim for disability insurance benefits. Decl. of Lesha Cowell ("Cowell Decl.") ¶ 3(a), ECF No. 8-2; Cowell Decl. Ex. 1. McKenzie requested that the Appeals Council review the ALJ's decision. *Id.* ¶ 3(a). On April 25, 2022, the Appeals Council sent, by mail addressed to plaintiff with a copy to his representative, notice of its action denying the request for review (the

"Notice").  *Id.;* Cowell Decl. Ex. 2.  That Notice informed McKenzie that, if he disagreed with the Appeals Council's decision, he could ask for judicial review of the ALJ's decision by filing a civil action.  It also specified that, should he wish to file a civil action, he must do so within sixty days of receipt of the Notice:

> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

McKenzie did not make a request for a filing extension.  *Id.* ¶ 3(b).

McKenzie commenced the instant action on July 11, 2022.  Shortly thereafter, the Commissioner moved to dismiss the complaint as untimely filed.  In response to that motion, Plaintiff's counsel filed a letter requesting that the Court treat the complaint as timely filed "due to unforeseen circumstances."  Pl.'s Oct. 25, 2022 Letter 1, ECF No. 9.  Specifically, counsel did not receive the Notice because it was

2

sent to counsel's previous office in the Bronx, even though they had informed the SSA of the new address on January 10, 2022. *Id.* Counsel includes, as an attachment to the letter, an "SSA 1699 form sent to Central Operations on January 10, 2022," showing that counsel had provided the SSA with an updated mailing address. *Id.* at 2-11. Counsel states that it filed the complaint "as soon as" he became aware of the Appeals Council's decision. *Id.* at 1. The letter is silent as to whether and when McKenzie himself received the Notice.

In a docket order dated July 11, 2023, the Court informed the parties that it was considering treating the Commissioner's motion to dismiss as one for summary judgment. Dkt. Order dated July 11, 2023. That order invited the parties to submit any additional materials pertinent to the motion by July 28. Neither party made any timely submissions.

On August 28, 2023, McKenzie submitted, for the Court's consideration, an August 7, 2023 letter that his counsel had sent to the SSA's Office of Appellate Operations. *See* Pl.'s Aug. 28, 2023 Letter 1, ECF No. 10. That letter requested — apparently for the first time, more than a year after this civil action commenced — that the SSA grant an extension of time to file. *See id.* at 2.

3

## II.   Legal Standards

Where, as here, the parties present matters outside the pleadings on a motion under Rule 12(b)(6), a court may convert a motion to dismiss into a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  Before doing so, however, a court must give "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House*, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995); *see* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

As courts have frequently observed in the SSA context, a defendant may raise, in a Rule 12(b)(6) motion, "a statute of limitations defense, based exclusively on dates contained within the complaint or appended materials."  *Halstead v. Comm'r of Soc. Sec.*, No. 17-CV-9713, 2019 WL 5579517, at *2 (S.D.N.Y. Oct. 30, 2019); *see also Hall v. Colvin*, No. 14-CV-7731, 2015 WL 13723896, at *3 (S.D.N.Y. Aug. 5, 2015), *R&R adopted*, No. 14-CV-7731, 2017 WL 4339664 (S.D.N.Y. Sept. 29, 2017) (collecting cases); *O'Garro v. Comm'r of Soc. Sec.*, No. 13-CV-719, 2013 WL 5798537, at *1 (S.D.N.Y. Oct. 24, 2013).  But when a lawsuit's untimeliness is not apparent on the face of the complaint, or the parties otherwise rely on materials outside of the

4

pleadings, the motion is most appropriately treated as one for summary judgment rather than as a motion to dismiss. *See, e.g., Rodriguez v. Astrue*, No. 8-CV-1126, 2009 WL 890052, at *2 n.7 (S.D.N.Y. Apr. 1, 2009) (collecting cases); *Hall v. Colvin*, No. 14-CV-7731, 2017 WL 4339664, at *2 (S.D.N.Y. Sept. 29, 2017).

Here, the motion is best treated as one for summary judgment. Each party has put forward materials outside of the pleadings for the Court's consideration. The Commissioner submitted declaration evidence "to establish the untimeliness of the lawsuit," since "the complaint is silent as to when the plaintiff received the notice that triggered the running of the limitations period." *Miller v. Saul*, No. 19-CV-1579, 2020 WL 5899520, at *3 (S.D.N.Y. Jan. 10, 2020), *R&R adopted*, No. 19-CV-1579, 2020 WL 4365284 (S.D.N.Y. July 30, 2020). And in response, Plaintiff's counsel submitted a "good cause" letter (with attachments) asserting facts as to the filing of an untimely complaint. The Court, moreover, expressly put the parties on notice that it might treat the Commissioner's motion as one for summary judgment, "afford[ing] [them] the opportunity to present supporting material." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 811 (2d Cir. 2019); *see* Dkt. Order dated July 11, 2023.

Accordingly, the Court converts the Commissioner's motion to dismiss to one for summary judgment and considers the

5

evidence submitted by the parties.  Summary judgment is appropriate when, construing the record in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56.  The moving party has the burden of demonstrating the absence of a question of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  If the movant carries its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  If the non-moving party fails to do so, the claim must be dismissed.

### III. Discussion

**A.   The Action is Untimely**

"A final decision of the Social Security Administration (SSA) must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision."  *Velez v. Apfel*, 229 F.3d 1136 (2d Cir. 2000) (summary order) (citing 42 U.S.C. § 405(g)).  "A claimant is presumed to receive notice of the SSA's final decision within five days of the date of such notice," *id.*, "unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  To successfully rebut the presumption, a plaintiff must offer

6

some "affirmative evidence" that he received the Appeals Council's Notice more than five days after the notice date. *See, e.g.*, *Liranzo v. Astrue*, No. 7-CV-5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010), *aff'd sub nom. Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011); *Marquez v. Comm'r of Soc. Sec.*, No. 12-CV-8151, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) ("[A] plaintiff must do more than assert that she did not receive the notice within five days.").

The sixty-day time limit is not jurisdictional. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Nevertheless, it "is a condition on the waiver of [the United States'] sovereign immunity" and therefore "must be strictly construed." *Id.*; *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("[T]he congressional purpose, plainly evidenced in [§ 405(g)], [is] to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits."). Accordingly, absent circumstances necessitating equitable tolling, "courts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely." *Courtney v. Colvin*, No. 13-CV-2884, 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014); *see, e.g.*, *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint filed one day late); *Smith v. Comm'r of Soc. Sec.*, No.

08-CV-1547, 2010 WL 5441669 (E.D.N.Y. Dec. 23, 2010) (four days late).

McKenzie does not dispute that the instant action was untimely under 42 U.S.C. § 405(g). The Notice was sent by mail to McKenzie's address on record on April 25, 2022. *See* Cowell Decl. ¶ 3(a). McKenzie fails to offer any evidence that *he personally* did not receive the Notice more than five days after it was mailed. 20 C.F.R. § 422.210(c). He is therefore presumed to have received the Notice on April 30 and had until June 29 to commence his civil action. He did not, however, file suit until approximately two weeks later, on July 11, 2022.

That Plaintiff's counsel apparently did not receive the mailed Notice does not alter the analysis. *See Chevres v. Kijakazi*, No. 22-CV-5885, 2023 WL 2163210, at *5 (S.D.N.Y. Feb. 22, 2023).[1] The statute of limitations runs from the time that the "final decision of the Commissioner of Social Security" was received by the "individual." 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c); *see Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) ("The availability of judicial review does not depend upon the receipt of notice by the claimant's attorney or

---

[1] Construing the record most favorably to the plaintiff as the non-moving party, the Court accepts that McKenzie's counsel submitted a change-of-address form to the SSA prior to the Notice's date and never received the mailed Notice. The Court notes, however, that counsel's letterhead includes a Bronx office address that matches the address for counsel identified on the Notice. *Compare* Cowell Dec. Ex. 2 at 4, *with* Pl. Oct. 25, 2022 Letter.

personal representative."). Counsel's non-receipt says nothing about whether McKenzie himself received the Notice; absent any evidence to the contrary, the presumption that McKenzie received the Notice within five days of its issuance remains unrebutted.

McKenzie's complaint — filed twelve days after the statutory deadline — is therefore untimely. Because the statute of limitations is strictly construed, the action must be dismissed, unless McKenzie can demonstrate he is entitled to equitable tolling.

**B.   Equitable Tolling Does Not Apply**

Under the doctrine of equitable tolling, the Court may excuse a claimant's failure to file his complaint within the sixty-day statutory period. *Bowen,* 476 U.S. at 480; *see, e.g.*, *Kesoglides v. Comm'r of Soc. Sec.*, No. 113-CV-4724, 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015). A plaintiff must demonstrate that: (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way" from timely filing. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). He must also show a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Tolling is generally

9

appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

McKenzie has not shown either that he acted with reasonable diligence or that extraordinary circumstances stood in his way.  Although McKenzie presumably received notice of the Appeals Council's decision shortly after its issuance on April 25, 2022, the record is devoid of any evidence that he acted diligently to pursue his claims — for example, by reaching out to his counsel about his case, or attempting to file a civil action by himself.  Indeed, it was not until McKenzie's counsel verbally learned from the SSA that his claim had been denied, *after* the sixty-day deadline had expired, that counsel filed this action.

The only proffered reason for the late filing — Counsel's failure to receive the Notice — does not rise to an extraordinary circumstance that justifies tolling in this case.  Again, counsel's explanation says nothing about whether McKenzie himself received the Notice, or reasonably expected that his counsel would file a timely civil action on his behalf.  *Cf. Torres*, 417 F.3d at 279-80 (applying equitable tolling where claimant was "seriously misled" into believing that the lawyer who had represented him before the SSA would file a timely

10

complaint).  Nor, then, has McKenzie sufficiently shown "a causal relationship between any attorney failure" — even if due to no fault of counsel's — "and the lateness of his filing." *Kesoglides*, 2015 WL 1439862, at *5 (an "attorney's failures to update Plaintiff's address [with the SSA] or inform Plaintiff of the [Appeals Council's] decision" was not an extraordinary circumstance); *see also Chevres*, 2023 WL 2163210, at *6 (counsel's failure to receive notice, despite submitting SSA change-of-address form, was not extraordinary).  Thus, McKenzie has not met his burden to show that equitable tolling is warranted.

## IV.  Conclusion

For the foregoing reasons, the Commissioner's motion is granted, and the complaint is dismissed.


SO ORDERED.


                                /s/ Eric Komitee  
                                ERIC KOMITEE  
                                United States District Judge

Dated:    October 9, 2024  
          Brooklyn, New York